**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNIE LUCKY CANTRELL,<br><br>        Plaintiff,<br><br>   v.<br><br>S. TYSON,<br><br>        Defendant. | No. 2:19-CV-1192-TLN-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion to compel discovery (ECF No. 29). For the reasons discussed below, plaintiff's motion is denied.

        The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

///

1

> outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

Here, plaintiff claims that defendant has refused to provide certain requested documents, specifically, "Any and All formal and Informal Written Complaints (including but Not Limited to 602 Forms) Against the Defendant alleging Any and All Staff Misconduct that Occurred Prior to September 17th 2018."[1] ECF No. 29, pg. 1. Plaintiff's motion suffers from two defects.

First, plaintiff's motion to compel discovery is extremely vague. The motion is one-page in length and merely includes the request for production and a brief argument as to why the request should not be denied. Plaintiff's motion to compel does not clarify: (1) which specific request for production is at issue; (2) what defendant's response to that request for production

---

[1] Reproduced as found in plaintiff's original motion to compel discovery. See ECF No. 29.

2

was; and (3) why that response was deficient. Because it is incumbent on the moving party to clarify these issues, plaintiff's failure to do so is fatal to his motion.

Second, even if the Court were to entertain the merits of plaintiff's request for production, defendant's objections to this request are well taken. In his opposition to plaintiff's motion, defendant objects to the request "on the grounds that it is overbroad, unduly burdensome, and not relevant or proportionate to the claims in this case . . ." ECF No. 32, pg. 4. Plaintiff requests all complaints of misconduct against defendant Tyson, regardless of whether those complaints have anything to do with plaintiff's claims in this case. Such a broad request is likely to implicate numerous unrelated documents, imposing an undue burden on defendant. Plaintiff argues that defendant can simply provide him with a list of the various written complaints identifying the "[t]ype" of staff misconduct alleged. See ECF No. 29, pg. 1. However, parties are not required to create documents in response to a request for production. See Price v. Cunningham, No. 1:08-cv-00425-AWI-BAM PC, 2012 U.S. Dist. LEXIS 154881, at *11 (E.D. Cal. Oct. 29, 2012). Therefore, the Court would be disinclined to grant plaintiff's motion to compel, even if it were not excessively vague.

Accordingly, plaintiff's motion to compel discovery (ECF No. 29) is denied.

IT IS SO ORDERED.

Dated:  August 13, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE