1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     DONNIE LUCKY CANTRELL,                    No.  2:19-CV-01192-TLN-DMC-P

12                          Plaintiff,

13            v.                                  ORDER

14     S. TYSON,

15                          Defendant.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action.  Pending

18     before the Court is Plaintiff's motion, ECF No. 47, for the appointment of counsel.

19            The United States Supreme Court has ruled that district courts lack authority to

20     require counsel to represent indigent prisoners in civil rights cases.  See Mallard v. United States

21     Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may

22     request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v.

23     Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

24     (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the

25     likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

26     own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.

27     Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

28     In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

1

1  to appointment of counsel because:

2          . . . Terrell demonstrated sufficient writing ability and legal knowledge to
            articulate his claim.  The facts he alleged and the issues he raised were not
3           of substantial complexity.  The compelling evidence against Terrell made it
            extremely unlikely that he would succeed on the merits.
4

5          Id. at 1017.

6          In the present case, the Court does not at this time find the required exceptional

7  circumstances.  According to Plaintiff, appointment of counsel is warranted because:  (1) he

8  cannot afford to retain counsel; (2) Plaintiff has limited knowledge of the law; (3) Plaintiff has no

9  law library access due to COVID-19 restrictions; (4) Plaintiff has a limited ability to litigate; and

10 (5) Plaintiff has successfully surpassed the summary judgment phase.  See ECF No. 47, pg. 1.

11 These circumstances are generally common among prisoners and are not the types of exceptional

12 circumstances necessary for the appointment of counsel.  Plaintiff's filings suggest a sufficient

13 ability to litigate and articulate his claims.  Finally, Plaintiff has not argued the likelihood of

14 success on the merits.  While Plaintiff has made cognizable claims and passed summary judgment

15 thus far, these steps are not dispositive as to Plaintiff's likelihood of success.

16         Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

17 appointment of counsel, ECF No. 47, is denied.

18

19 Dated:  November 5, 2021

20                                              _____
                                                DENNIS M. COTA
21                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28